UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATENT RIGHTS PROTECTION GROUP, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>CADILLAC JACK, INC., a Georgia corporation, and SPEC INTERNATIONAL, INC., a Michigan corporation,<br><br>    Defendants. | Case No.: 2:08-cv-00660-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Defendant SPEC International, Inc.'s ("SPEC") Motion to Dismiss (#15), Defendant Cadillac Jack, Inc.'s ("Cadillac Jack") Motion to Dismiss (#19), and Plaintiff Patent Rights Protection Group, LLC's ("Patent Rights") Countermotion for Jurisdictional Discovery (#24).

**I. Background**

On May 21, 2008, Plaintiff filed the present action alleging claims of patent infringement against Cadillac Jack, a SPEC customer. This action was filed in tandem with two separate actions against Nova Gaming and Video Gaming Technologies ("Video Gaming"), individually, each a SPEC customer.

Thereafter, on July 11, 2008, SPEC filed a Michigan action against Patent Rights claiming, inter alia, that Patent Rights committed unfair competition by making false or misleading representations of fact and by instituting three actions in the District of Nevada that it knew to be objectively baseless. SPEC Int'l, Inc. v. Patent Rights Prot. Group, LLC. (W.D. Mich. Jan. 9, 2009). Accordingly, on October 29, 2008, Plaintiff amended the Complaint (#10) to add SPEC as a defendant upon learning of the Michigan action.[1]

Subsequently, on December 30, 2008, Patent Right's amended complaint was dismissed without prejudice in Patent Rights v. Nova Gaming. The Nova Gaming Court reasoned that Patent Rights failed to make a prima facie showing that the District of Nevada has personal jurisdiction over SPEC or Nova Gaming, or that venue was appropriate in the District of Nevada. Shortly thereafter, on January 9, 2009, the Western District of Michigan transferred SPEC v. Patent Rights to Nevada pursuant to the first-to-file rule.[2]

On April 29, 2009, in Patent Rights v. Video Gaming, the Court ruled that exercise of personal jurisdiction over SPEC and Video Gaming would be unreasonable and, therefore, unconstitutional. The Nevada Court determined the exercise of personal jurisdiction would be unreasonable, after balancing the following factors:

    [1]   the extent of purposeful interjection
    [2]   the burden on the defendant to defend the suit in the chosen forum
    [3]   the extent of conflict with the sovereignty of the defendant's state
    [4]   the forum state's interest in the dispute
    [5]   the most efficient forum for judicial resolution of the dispute
    [6]   importance of the chosen forum to the plaintiff's interest in convent and effective relief, and
    [7]   the existence of an alternative forum

---

[1] Patent Rights also amended the complaints against Nova Gaming and Video Gaming to include SPEC as a defendant. Patent Rights Prot. Group v. Video Gaming Technologies, Inc. & SPEC Int'l, Inc., (D. Nev. April 29, 2009); Patent Rights Prot. Group v. Nova Gaming, LLC & SPEC Int'l, Inc., (D. Nev. Dec. 30, 2008).

[2] Under the first-to-file rule, when two lawsuits involving the same parties and issues are pending in different federal courts of equal rank, the first case filed should proceed. See Penn Gen. Cas. Co. v. Commonwealth of Pa., 294 U.S. 189, 196 (1935).

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993) (quoting Shute v. Carnival Cruise Lines, 897 F.2d 377, 386 (9th Cir. 1990)).

In the present action, SPEC and Cadillac Jack moved to dismiss for lack of personal jurisdiction, FRCP 12(b)(2), and improper venue, FRCP 12(b)(3), or in the alternative to transfer action, or in the alternative to stay action. (#15, #19)  Defendants argue in their respective Replies (#26, #28) that Patent Rights failed to make a prima facie showing that personal jurisdiction, general or specific, is appropriate over SPEC or Cadillac Jack.

Conversely, Plaintiff argues in its Opposition (#23) that Defendants are subject to personal jurisdiction in Nevada because Defendants routinely conduct business in Nevada by attending trade shows, using and inducing use of an infringing device, and engaging in the sales of such infringing devices.

Additionally, Plaintiff has submitted a Memorandum of Additional Points and Authorities (#40) in opposition to the Motions to Dismiss (#15, #19) in view of the Michigan Court's Order. Plaintiff avers that where two rulings are made on the same issue, and the second ruling differs from the first, the first ruling may not be given res judicata effect by a third court.  See, e.g., Americana Fabrics, Inc. v. L & T Textiles, Inc., 754 F.2d 1524, 1529-30 (9th Cir. 1985).  Plaintiff also maintains that there are factual differences between the present case against Cadillac Jack and the prior dismissed cases.

SPEC filed a Reply to Plaintiff's Additional Points and Authorities in Opposition (#41) contending that the Nova Gaming Court's decision that a Nevada court could not exercise personal jurisdiction over SPEC and Nova Gaming and that venue is improper as to both, prevents Patent Rights from re-litigating jurisdictional issues here against SPEC and Cadillac Jack.  Additionally, SPEC argues that the Video Gaming Court's decision also prevents re-litigation of these issues.

## II. Analysis

### 1. Collateral Estoppel

The common law doctrine of collateral estoppel prevents a party from re-litigating determinations on issues made in a prior action. The Ninth Circuit employs a three-step test to determine whether collateral estoppel applies:

> [1] an identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine
> [2] an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and
> [3] an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

U.S. v. McLaurin, 57 F.3d 823, 826 (9th Cir. 1995).

In applying the three-step test, this Court finds that the present case cannot be maintained because it is barred on the grounds of collateral estoppel. The jurisdictional issues in this action are sufficiently similar and material as those presented in the cases Patent Rights v. Nova Gaming and Patent Rights v. Video Gaming. Patent Right's claim that there are factual differences against Cadillac Jack does not affect the analysis. Therefore, the first factor is satisfied. The jurisdictional issues presented in this action were actually litigated and decided in the aforementioned cases. As a result, the second factor is met. Moreover, the adjudication of those issues was essential to the decisions. Consequently, the third factor is satisfied. The three-step test dictates that collateral estoppel applies to this action. Patent Rights is, therefore, barred from bringing this suit against Defendants because the Nova Gaming Court and the Video Gaming Court both individually found this district does not have personal jurisdiction over SPEC and defendants comparable to Cadillac Jack.

Furthermore, the Court finds that even if collateral estoppel did not bar Patent Rights from bringing this suit, this Court's exercise of personal jurisdiction against SPEC and Cadillac Jack would be unreasonable.

**2.     Personal Jurisdiction**

The Nevada long-arm statute, NRS 14.065, provides that a court within Nevada can exercise personal jurisdiction over a defendant to the full extent permitted by due process. Baker v. Eighth Judicial Dist. Court, 999 P.2d 1020, 1023 (Nev. 2000). In addition, the assertion of personal jurisdiction satisfies due process when there are "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

Personal jurisdiction may be either general or specific. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984); See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1990). In either case, the exercise of personal jurisdiction must be reasonable. Amoco Egypt Oil Co. v. Leonis Nav. Co., 1 F.3d at 851 (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987)). In determining whether the exercise of personal jurisdiction would be reasonable, a court must balance the following factors:

[1]   the extent of purposeful interjection
[2]   the burden on the defendant to defend the suit in the chosen forum
[3]   the extent of conflict with the sovereignty of the defendant's state
[4]   the forum state's interest in the dispute
[5]   the most efficient forum for judicial resolution of the dispute
[6]   importance of the chosen forum to the plaintiff's interest in convent and effective relief, and
[7]   the existence of an alternative forum

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d at 851 (quoting Shute v. Carnival Cruise Lines, 897 F.2d at 386.

Here, both Defendants have minimal purposeful interjection into Nevada, appearing only intermittently at Nevada trade shows. As a result, the first factor weighs in favor of unreasonableness. Moreover, it would be burdensome for each Defendant to defend the lawsuit in Nevada because Defendants and their witnesses, relevant to the action, are located outside of Nevada. Accordingly, the second factor weighs in favor of unreasonableness. This Court finds factors three

through six to be neutral. Lastly, the seventh factor weighs in favor of unreasonableness because Defendants would be subject to personal jurisdiction in an alternative forum, Georgia.

### 3. Jurisdictional Discovery

Jurisdictional discovery "is appropriate when the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." Trintec Indus., Inc. v. Pedre Promotional Prod., Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005).

In light of this Court's ruling on collateral estoppel, this Court concludes that Patent Right's request for jurisdictional discovery, even if granted, would have no bearing on the above analysis. Therefore, this Court concludes that it will deny Patent Right's Countermotion for Jurisdictional Discovery. (#24)

### 4. Additional Considerations

This Court further concludes that the alternative basis for dismissal advocated by SPEC and Cadillac Jack for lack of venue, pursuant to FRCP 12(b)(3), is moot. Similarly, the issue of transfer or stay of the instant action is moot.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant SPEC's Motion to Dismiss (#15) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Cadillac Jack's Motion to Dismiss (#19) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Jurisdictional Discovery (#24) is **DENIED**;

**IT IS FURTHER ORDERED** that all other claims for relief are **DENIED as moot**;

////

////

1     **IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) is **DISMISSED without prejudice** to refiling in an alternative forum.

    DATED this 27TH day of July 2009.

                                                    Kent J. Dawson
                                                    United States District Judge